THEODORE KERR *vs.* ALICE B. MCDONALD

Cumberland.    Opinion November 30, 1927.

*Where a mortgagee in a prior mortgage, under a demand for a true account due under the mortgage, states to a person about to take a subsequent mortgage, that a certain amount had been paid on the prior mortgage, he and his assignee of the mortgage are estopped from claiming the full amount of the prior mortgage, and also estopped from claiming interest on the amount which had been stated as having been paid on the prior mortgage.*

In this case when the assignee of the prior mortgage received the mortgage and the note thereby secured, when it was overdue, she took it subject to the same defenses as her assignor.

On exceptions. A bill in equity by the owner of a subsequent mortgage on real estate to obtain an account of the amount due on a prior mortgage and an assignment of such prior mortgage upon payment of the amount due, as provided under R. S. chap. 95, sec. 24. Cause was heard on bill, answer, replication and proofs, and the sitting justice sustained the bill and ordered defendant to assign to plaintiff the mortgage upon payment of $6518.55, and plaintiff excepted to the decree as to the amount of interest due on the prior mortgage. Case remanded for correction of decree in accordance with opinion.

The case is fully stated in the opinion.

*Clinton C. Palmer,* for plaintiff.

*Clifford E. McGlauflin,* for defendant.

SITTING:    PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

PHILBROOK, J.    This is a bill in equity brought under R. S., Chap. 95, Sec. 24, which provides that the owner of a subsequent mortgage of real estate may request assignment of a prior mortgage under foreclosure and may bring a bill in equity to compel assignment.

On June 1, A. D. 1922, Ansel E. Hamlin of Portland was the owner in fee simple of a certain lot or parcel of land situated in East Deering. On that date he mortgaged the premises to William G. McDonald of said Portland to secure the payment of a note of $6,000 and interest thereon. For convenience and brevity this will be referred to as the senior mortgage. On August 25, A. D. 1923, said Ansel E. Hamlin conveyed the premises to Lucy A. Hamlin, subject to said senior mortgage. On February 6, A. D. 1924, the said Lucy A. Hamlin gave a mortgage of the premises, subject to the senior mortgage, to James C. DeWolfe to secure payment of $350 within sixty days from the date of said last named mortgage. For the reason already stated this will be referred to as the junior mortgage. In this junior mortgage the mortgagor recited that there was then due on the senior mortgage $5,000 principal, and interest. On June 16, A. D. 1924, DeWolfe assigned this junior mortgage to Theodore Kerr, the complainant in this bill.

On July 15, A. D. 1925, the said William G. McDonald, mortgagee in the senior mortgage, entered upon and took possession of the premises for the purpose of foreclosing said mortgage. On July 18, A. D. 1925, the said William C. McDonald assigned the senior mortgage to Alice B. McDonald who is the defendant herein, but in said assignment no reference was made to any rights acquired by said William G. McDonald under or by virtue of said entry on July 15, A. D. 1925.

On July 14, A. D. 1926, the complainant Kerr, then owner of the junior mortgage, in writing requested the defendant, then owner of the senior mortgage, to assign said senior mortgage and the debt thereby secured to him, the said Kerr, and in the same writing there was demanded of the defendant a true account of the sums due on said mortgage, and of the rents and profits and money expended in repairs and improvements. In response to this demand the defendant, on July 15, A. D. 1926, gave to the plaintiff the following statement of the amount which she claimed to be due on the senior mortgage:

| | |
|---|---:|
| Amount of note............................ | $6,000.00 |
| Interest 4 yrs. 1 mo. 15 d. at 6%.......... | 1,485.00 |
| | $7,485.00 |
| Taxes................................ | 256.15 |
| Water................................ | 26.00 |

| | |
|---|---:|
| Hardware............................ | 16.10 |
| | |
| | $7,783.25 |

Credits

| | |
|---|---:|
| Rents................................ | 209.00 |
| | |
| Bal. due July 15th, 1926............. | $7,574.25 |
| | 25.70 |
| | |
| | $7,548.55 |

The bill of exceptions states that the only issue between the parties to be decided by the court below was whether or not the account which the defendant gave the plaintiff on July 15, A. D. 1926, was a true account of the sums due on the senior mortgage.

After hearing below an interlocutory decree was signed by the presiding justice holding that the defendant received the note and senior mortgage when it was overdue and took it subject to the same defenses as her assignor, who was estopped to deny that the sums due on the principal of the senior mortgage note on February 6, A. D. 1924 exceeded $5,000; and that the plaintiff was entitled to an assignment of said senior mortgage upon the payment of the principal sum of $5,000 plus interest to be computed on the principal sum of $6,000 to February 6, A. D. 1924 and on the principal sum of $5,000 from February 6, A. D. 1924 to date, together with such sums as had been paid for taxes and other assessments, and the necessary upkeep of said property, less receipts for rental of the amount of $234.70. In the final decree the defendant was ordered and directed to assign the senior mortgage to the complainant upon a payment of $6,518.55 according to the following figures:

| | |
|---|---:|
| Principal sum February 6, 1924................ | 5,000.00 |
| Interest on $6000 to Feb. 6, 1924............... | 605.00 |
| Interest on $5000 from Feb. 6, 1924, to date....... | 850.00 |
| | |
| | $6,455.00 |
| Taxes, water rates, repairs................. | 298.25 |
| | |
| | $6,753.25 |

Less rentals ..........................     234.70

$6,518.55

The case is before us upon plaintiff's bill of exceptions, in which he alleges:

"FIRST: To that part of the so-called interlocutory decree made and entered therein on December 6th, 1926, wherein the Court found that Defendant's assignor (and Defendant) 'was estopped to deny that the sum due on the principal of the mortgage note on February 6th, 1924, exceeded $5000' and that Plaintiff is entitled to an assignment of said mortgage upon payment of $5000 'plus interest to be computed on the principal sum of $6000 to February 6th, 1924' with other amounts, upon the ground that the admissions in Defendant's answer and the uncontroverted testimony lead to the inevitable conclusion that Defendant's assignor and Defendant was estopped to deny that the sum due on the mortgage note on February 6th, 1924, exceeded $5000.

SECOND: To that part of the final decree made and entered in said cause on December 6th, 1926, whereby the Court ordered and directed Defendant to assign to Plaintiff the mortgage referred to in said decree upon payment to her by Plaintiff or his assigns of interest on $6000 to February 6th, 1924, $605.00' included in a gross amount of $6518.55 therein named or upon payment of any sum in excess of $5913.55."

ESTOPPEL. The bill of exceptions shows that Ansel E. Hamlin, mortgagor in the senior mortgage, paid William G. McDonald, mortgagee in that instrument, sundry sums of money between the date of the senior mortgage and the date of the junior mortgage, and that he had performed work for McDonald during the same period, for all of which he claimed he was entitled to credit on the senior mortgage; that he received from McDonald receipts for the moneys so paid, which receipts he showed to Mr. Kerr at the time when the latter was requested to take up the junior mortgage, and that they were in his possession up to a few months prior to the hearing but that these receipts had been lost or destroyed when he, Hamlin, last moved; that he had no books of account, papers or memoranda showing the amount of payment to McDonald, or what amounts might be credited for work performed, or what amount he owed McDonald

at any time, or the balance due on any transaction or upon the gross indebtedness of Hamlin. McDonald likewise testified that he had no books containing entries of receipts of interest on mortgages held by him, or by himself as agent for the respondent.

Mr. DeWolfe, called as a witness by the complainant, testified that he loaned Mrs. Hamlin, or Mr. Hamlin, the sum mentioned in the junior mortgage. On the date of that mortgage, February 6, A. D. 1924, he knew that William G. McDonald was the record owner of the senior mortgage; that before advancing any money on the junior mortgage he talked with Mr. McDonald over the telephone and expla'ned to him that he, DeWolfe, had a claim against Hamlin and that his only lookout for getting the money was to take a junior mortgage; that he asked McDonald what he considered the value of the property to be and received the reply that it was worth between $6,000 and $6,500. DeWolfe then suggested to McDonald that the latter had a mortgage for the full amount. McDonald then said that he had received some payments on it and when asked if there were sufficient payments to warrant taking a junior mortgage of $350 he replied he thought there were. On being asked to look the matter up McDonald replied, "There is approximately $1,000 paid on it." On being asked if that included the interest McDonald replied, "That $5,000 would be safe."

Thereupon the junior mortgage was taken by DeWolfe containing the following words, "This conveyance being subject to a mortgage of $6,000 given by Ansel E. Hamlin to William G. McDonald upon which there is now due $5,000 principal and interest." The complainant also testified that prior to taking the assignment of the junior mortgage he also had a telephone conversation with Mr. McDonald of similar tenor as the conversation testified to by De-Wolfe.

In argument the plaintiff submits that the statements made by McDonald to DeWolfe on February 6, A. D. 1924 lead to the indisputable conclusion that he intended DeWolfe to understand, and that DeWolfe did then understand, that the amount then due on the first mortgage, principal and interest, did not exceed $5,000, and that DeWolfe acted in accordance with such understanding and belief and drafted the junior mortgage containing the recital of such understanding and took the junior mortgage from Mrs. Hamlin.

The plaintiff argues, therefore, that the court below was undoubtedly correct in finding that the amount due on the senior mortgage on February 6, A. D. 1924, was not $6,000 with interest from the date of that mortgage, as claimed in the defendant account, and that she was estopped to deny that there was then due some less amount.

We fully concur with the finding below that the defendant is estopped to claim that the principal of the senior mortgage was in excess of $5000.00, on February 6, A. D. 1924, but since that principal was thus reduced we are of opinion that the learned justice erred in allowing interest on $6000.00 from the date of the senior mortgage to the date of the junior mortgage, which interest amounted to $605.00. The total amount allowed in the final decree should be reduced by deducting this interest so allowed, and the case is hereby remanded for correction of the decree in accordance with this opinion.

*So ordered.*